ISSUED BY CLERK

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO, WESTERN DIVISION

FILED
2010 FEB -1 PM 4: 03
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

| | |
|---|---|
| WESTFIELD INSURANCE GROUP A/S/O JENNIFER BLAKEMORE and RICHARD PAKULSKI<br>20584 Euler Road<br>Weston, OH 43569<br><br>Plaintiff(s)<br><br>v.<br><br>GENERAL ELECTRIC COMPANY<br>3135 Easton Turnpike<br>Fairfield, CT 06828<br><br>Defendant(s) | Civil Action No: **3:10 CV 00217**<br>Judge<br>**JUDGE ZOUHARY**<br>JURY DEMAND<br>**ENDORSED HEREON** |

## COMPLAINT

Plaintiff, Westfield Insurance Group a/s/o Jennifer Blakemore and Richard Pakulski, (hereinafter "Plaintiffs"), by and through undersigned counsel, hereby demand judgment against Defendant General Electric Company, and complain against it as follows:

### PARTIES

1. Plaintiff, Westfield Insurance Group (hereinafter "Westfield"), is an insurer licensed to do business in the State of Ohio with its principal place of business located at One Park Circle, Westfield Center, OH 44251.

2. Plaintiffs, Jennifer Blakemore and Richard Pakulski (hereinafter "Blakemore/Pakulski") were, at all times relevant hereto, the owners and occupants of the residential property located at 20584 Euler Road, Weston, Ohio 43569.

3. At all times relevant hereto, Defendant General Electric Company (hereinafter "GE") was, upon information and belief, a foreign corporation doing business in the State of Ohio.

4. At all time relevant hereto, GE was engaged in the business of, *inter alia*, designing, manufacturing, assembling, testing, marketing and/or distributing and otherwise offering for sale clothes dryers, specifically the GE clothes dryer model number DVLR223EEWW at issue in this case (hereinafter "the product").

## JURISDICTION AND VENUE

5. Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between citizens of different states. Moreover, the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

6. Venue is proper in this district based on 28 U.S.C. §1391(a) in that the events giving rise to this claim occurred within this district.

## STATEMENT OF FACTS

7. Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

8. At all relevant times, Westfield insured Blakemore/Pakulski against property losses pursuant to a policy in full force and effect on the date of the loss stated below.

9. On or about February 18, 2009, a fire erupted at Plaintiffs' property due to the malfunction of GE's clothes dryer.

10. This fire caused extensive damage to Plaintiffs' real and personal property, as well as the imposition of additional expenses and hardship besides; said harms were directly and proximately caused by GE as is further and more fully described below.

11. Said clothes dryer was designed, manufactured, assembled, tested, marketing and/or distributed and otherwise offered for sale by GE.

## COUNT I - NEGLIGENCE

12. Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

13. The aforementioned damages were the direct and proximate result of the negligence, carelessness, recklessness, and/or other unlawful conduct of Defendant, by and through its employees, agents, technicians, vendors, subcontractors, and/or servants, more specifically described as follows:

   a. failing to exercise reasonable care in the following manner:

      i. failing to manufacture, assemble, sell, design, transport, distribute and/or market a properly functioning product;

      ii. failing to properly inspect and/or test the product and/or its component parts;

      iii. failing to properly determine whether product and/or its component parts were in compliance with applicable standards;

      iv. failing to provide safe and adequate warnings or instructions with the product; and/or

      v. manufacturing, marketing, distributing and/or selling the product when Defendant knew or should have known that the product and/or its component parts would be inadequate for the reasons for which it was purchased.

   b. failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

   c. failing to adequately warn Plaintiffs and others of the dangers and hazardous conditions resulting from the conduct set forth in subparagraph (a) above;

   d. failing to provide, establish, and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

      e.      failing to properly monitor the work of all agents and/or employees during the installation of the fiber optic cable to ensure compliance with applicable safety procedures

      f.      failing to retain competent, qualified and/or able agents, employees or servants to perform the tasks set forth in subparagraph (a) above;

      g.      failing to perform the tasks set forth in subparagraph (a) above in conformity with the prevailing industry and governmental specifications and standards; and/or

      h.      violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to this action.

14. As a direct and proximate result of such defects, Plaintiffs sustained and incurred damage to their real and personal property, as well as the imposition of additional expenses and hardship in an amount well in excess of $75,000.00.

**WHEREFORE**, Plaintiffs respectfully request judgment against Defendant in an amount in excess of $75,000.00, plus costs incident to this suit, delay damages, damages for interference with enjoyment of real property, and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

### COUNT II – BREACH of WARRANTIES

15. Plaintiffs repeat the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

16. In conjunction with the sale and distribution of the clothes dryer, GE expressly and implicitly warranted that it would be free from defects, merchantable and safe to use for its general and intended purposes.

17. Based upon the above, GE breached these implied and/or statutory warranties, as well as express warranties provided with the product.

18. As a direct and proximate result of such breach(es), Plaintiffs sustained and incurred damage to their real and personal property, as well as the imposition of additional expenses and hardship in an amount well in excess of $75,000.00.

19. Plaintiffs had and have performed all conditions precedent to recover based upon such breaches.

**WHEREFORE**, Plaintiffs respectfully request judgment against Defendant in an amount in excess of $75,000.00, plus costs incident to this suit, delay damages, damages for interference with enjoyment of real property, and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT III – STRICT PRODUCT LIABILITY

20. Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

21. GE is engaged, and at all times relevant hereto was engaged, in the business of, *inter alia*, designing, manufacturing, assembling, testing, marketing and/or distributing and otherwise offering for sale clothes dryers, and specifically did so with the clothes dryer at issue in this case.

22. GE failed to design, manufacture, assemble, market and/or distribute a properly functioning clothes dryer.

23. GE failed to properly inspect and/or test the clothes dryer and/or its component parts.

24. GE failed to properly determine that the clothes dryer and/or its component parts were not in compliance with applicable standards.

25. GE failed to provide safe and adequate warnings or instructions with the clothes dryer.

26. GE knew or should have known that the clothes dryer and/or its component parts would be inadequate for the reasons for which it was purchased.

27. GE knew or should have known that the clothes dryer would, and did, reach Plaintiffs without substantial change in the condition in which originally distributed and sold.

28. GE distributed and/or sold the clothes dryer in a defective condition, unreasonably dangerous to Plaintiffs and their property.

29. The aforementioned defects consisted of:

    (a) design defects;
    (b) manufacturing defects;
    (c) component defects;
    (d) use-instruction and/or warnings defects; and/or
    (e) a failure to warn of the design, manufacturing, and/or component defects, and/or properly provide warning and/or safe use instructions.

30. GE is liable for the damages caused by its defective product pursuant to Ohio Revised Code Section 2307.71 et seq.

31. As a direct and proximate result of such defects, Plaintiffs sustained and incurred damage to their real and personal property, as well as the imposition of additional expenses and hardship in an amount well in excess of $75,000.00.

**WHEREFORE**, Plaintiffs respectfully request judgment against Defendant in an amount in excess of $75,000.00, plus costs incident to this suit, delay damages, damages for interference with enjoyment of real property, and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT IV – INTEREFERENCE with PLAINTIFFS' RIGHT of PEACEFUL ENJOYMENT of THEIR REAL PROPERTY

32.     Plaintiffs repeat the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

33.     As a direct and proximate result of the unlawful acts described in the preceding facts, averments, and Counts, Plaintiffs were forced to vacate their residence premises for an extended period of time, and was left without the unique comforts and benefits they otherwise would have enjoyed had they not been forced to do so.

34.     This caused Plaintiffs substantial inconvenience and discomfort, and they thereby suffered damages.

35.     Plaintiffs suffered "inconvenience and discomfort" as a result of the loss, and in the wake of their being suddenly and completely put out of their house.

36.     The law in recognizes that where injury is sustained to real property as a result of another, the property owners are entitled to damages for the inconvenience and discomfort caused thereby.

37.     Moreover, Ohio has adopted Section 822 of the Restatement, Torts, which provides that an actor is liable in an action for damages for a nontrespassory invasion of anothers' interest in the private use and enjoyment of land if, (a) the others have property rights and privileges in respect to the use or enjoyment interfered with; and (b) the invasion is substantial; and (c) the actor's conduct is a legal cause of the invasion; and (d) the invasion is either (i) intentional and unreasonable; or (ii) unintentional and otherwise actionable under the rules governing liability for negligent, reckless or ultrahazardous conduct.

38.     Thus, the harms that GE caused Plaintiffs are actionable above and beyond the damages caused to their real and personal property, as well as other harms besides; and GE is

therefore liable for Plaintiffs having suffered interference with their peaceful enjoyment of their real property.

39. As a direct and proximate result of the above-described actions, Plaintiffs sustained and incurred damages as described herein in an amount in excess of $75,000.00.

WHEREFORE, Plaintiffs respectfully request judgment against Defendant in an amount in excess of $75,000.00, plus costs incident to this suit, delay damages, damages for interference with enjoyment of real property, and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

Respectfully submitted,

_Rebecca K. Hockenberry_
Rebecca K. Hockenberry (0074930)
Hockenberry Law Office, LLC
40 Sturges Avenue
Mansfield, OH 44902
(419) 709-8170
(419) 709-8172 facsimile
rebecca@attyhockenberry.com

Attorney for Plaintiff
Westfield Insurance Group
a/s/o Jennifer Blakemore and Richard Pakulski

## JURY DEMAND

Plaintiff demands a trial by a jury of eight (8) members on all issues triable by right to a jury.

_Rebecca K. Hockenberry_
Rebecca K. Hockenberry

Dated: January 29, 2010